John Olagues
413 Sauve Road
River Ridge, Louisiana 70123
Telephone: (504) 305-4071
PRO SE PLAINTIFF

FILED
DEC 27 2016
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN OLAGUES, | |
| Plaintiff, | |
| v. | Civil Action No. CIV-16-1391-W |
| ROBERT LAWLER, JASON PIGOTT, JOHN KAPCHINSKE, and CHESAPEAKE ENERGY CORPORATION, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23.1(c) AND 41(a)(2)**

Plaintiff John Olagues ("Plaintiff") moves to dismiss without prejudice his claims against Defendants Robert Lawler, Jason Pigott, and John Kapchinske (collectively, "Defendants") and Nominal Defendant Chesapeake Energy Corporation (the "Company"). Plaintiff alleges that Defendants are liable to the Company under Section 16(b) of the Securities Exchange Act of 1934, as amended, for profits arising from transactions in the Company's equity securities. Because Plaintiff's suit is a shareholder derivative action, Plaintiff may voluntarily dismiss the suit without prejudice only with this Court's approval. Fed. R. Civ. P. 23.1(c), 41(a)(2).

Section 16(b) requires a shareholder to wait 60 days after notifying the issuer of his claims before filing suit. 15 U.S.C. § 78p(b). However, Section 16(b) claims are subject to a two-year statute of limitations. *Id.* The statute of limitations for the Section 16(b) claim against Kapchinske expired on December 10, 2016. The statute of limitations for the Section 16(b)

1

claims against Pigott and Lawler will not expire until March 11, 2017, and November 17, 2017, respectively.

In October 2016, Plaintiff submitted a demand letter to the Company informing the Company of the Section 16(b) claims. Plaintiff's theory of liability under Section 16(b) is the same for Lawler, Pigott, and Kapchinske.

On December 6, 2016—before the required 60-day notice period expired—Plaintiff filed his Complaint against Defendants and the Company to avoid dismissal of the Section 16(b) claim against Kapchinske under the applicable statute of limitations. Because Plaintiff did not wait the required 60 days before filing suit, the Company contends that the Section 16(b) claims against Lawler and Pigott are subject to dismissal.

To avoid unnecessary motion practice and litigating the same theory against the three Defendants in a piecemeal fashion, Plaintiff agreed to move to dismiss his Complaint against Defendants and the Company without prejudice, so long as Kapchinske and the Company entered into a tolling agreement with Plaintiff tolling the statute of limitations on the Section 16(b) claim against Kapchinske. Plaintiff, the Company, and Kapchinske have entered into such an agreement.

In light of the tolling agreement, no shareholder of the Company will be prejudiced by a dismissal without prejudice pursuant to Rules 23.1(c) and 41(a)(2). Rather, the Company—as well as Plaintiff, Defendants, and the Court—will save time and resources.

For these reasons, Plaintiff respectfully requests that the Court grant this motion and dismiss the Section 16(b) claims against Defendants without prejudice.

DATED: December 21, 2016

Respectfully submitted,

/s/ John Olagues
John Olagues
413 Sauve Road
River Ridge, Louisiana 70123
Telephone: (504) 305-4071
PRO SE PLAINTIFF